By the Court.—Daly, Ch. J.
This was a case of co-operating' negligence. There may have been and probably was negligence on the part of the defendant’s employees in allowing the car to be crowded to the extent that it was. It was a tempestuous night. It was raining heavily when the plaintiff got on the car. He says it was about as near a hurricane as anything he conld remember during his life. The cars upon the defendants’ line had, during the storm, to stop running because the drivers.could not see the distance of a car ahead, and there was a blinding rain striking the car upon which the accident happened. It was about seven o’clock in the evening, an hour when a great number of people are returning from their occupations to their homes, and as there was at the time a violent storm, it may have been difficult for the conductor to enforce the ordinary regulations from the natural eagerness of people, under such circumstances, to get into the car, “ It was,” says the plaintiff’s witness Barbour, “ a very stormy night, and all that could get in the car would get in.” The plaintiff stood at the corner of Grand-street and Broadway waiting for a car, and two passed *57 which were so full that there was no chance of his getting on them. The car upon which the accident occurred stopped, as the plaintiff says, waiting for passengers, or, as one of his witnesses testified, it stopped to take in four or five shop girls.
The plaintiff says he saw there was no room on the hind platform and that he got on the front platform, which was very crowded, but afforded room enough for him to get on and stand. One of the plaintiff’s witnesses testified that he should think that there were seven or eight persons on it when the accident happened, and that there might have been more. That it was a rainy, stormy night, and that there were just as many people on the car as could cram themselves in and on the platform. The plaintiff says that he had hold of the front rail with both his hands; showing the crowded state of the platform and th'e insecurity of his position. The plaintiff had been traveling upon this particular road for years, and, as he says, knew the line well,—had been in the habit of riding in the cars of that line every day for eighteen months before the accident. For nearly three years previous a notice was conspicuously placed upon either end of aE the cars of the company prohibiting passengers from getting on, off, or occupying the front platform, or from riding on the steps. It was printed in such type as to be read at any reasonable distance, in any part of the car. It had the word “ warrirg-” in large capitals at the top, was placed as conspicuously as it could be in a vehicle of the kind, and yet this warning, or notice, the plaintiff says he had no recollection of seeing.
After the plaintiff had got upon the car, and before it had moved half a block, the plaintiff says that he was pushed off by the crowd inside, that they pushed behind so as to make room to go in front; that they got on the front platform and pushed him off; but wa.s *58 so agitated he did not know how. His witness Barbour, who was standing on the platform immediately behind the driver, says that he noticed the plaintiff standing on the platform facing the horses and noticed a movement of somebody to get off, and could not say how, but he noticed that the plaintiff fell. That he did not know how he fell, until he heard him call out. The probability is that the plaintiff got on the front platform at the same time that the five shop girls got in at the rear, and that their coming in caused á movement forward and on the platform, the pressure of which the plaintiff was unable to resist or avoid, by getting off quickly, the car being then in motion.
The defendants’ witness, Murphy, saw the accident from the sidewalk, -where he was standing waiting for a car, and thus describes what he saw: The front platform was very much crowded, and there was not room for a man to -get on. The plaintiff could not get on, and was standing on the step, with one hand on the dash-board, and the other on the brace or body of the car. That the hand on the dash-board gave way, the plaintiff being crowded off, as witness supposed, and that the plaintiff dropped on his side, and, as appeared from the evidence, fell under the front wheel, and his hand was crushed.
When the testimony was closed, a motion for a non-suit was made, and it was granted. Assuming the accident to have occurred in the manner describí d by the plaintiff and his own witness Barbour, it was a case of contributory negligence, in which the plaintiff was as much to blame as the defendants’ employees, by voluntarily placing himself in an exposed and dangerous position, in the crowded state of the car at the time when he got upon it. It is not necessary to go into the reasons at length which show this, as they are sufficiently presented in the well considered case *59 of Spooner v. Brooklyn R. R. Co., 31 Barb., 426, 427.
The judgment should be affirmed.
Larremore and Yak Brunt, JJ., concurred.
Judgment affirmed.